IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellant<br><br>v.<br><br>SHARNJEET K. SAGOO,<br><br>Defendant-Appellee | No. 25-11271 |

**UNITED STATES' MOTION TO VACATE THE DECISION BELOW AND REMAND TO THE DISTRICT COURT**

The plaintiff United States of America, appellant herein, respectfully requests that the judgment below be vacated and the case remanded for reconsideration in light of the Supreme Court's intervening decision in *F.C.C. v. AT&T, Inc.*, 608 U.S. 531 (2026), which (i) changed the controlling law on the issue presented in this appeal and (ii) reversed the decision of this Court on which the District Court below relied. Prior to filing this motion, the United States attempted to confer with counsel for defendant Sharnjeet Sagoo, appellee herein, by leaving email and phone messages on September 23 and 24, 2026, respectively. As of this filing, Sagoo's counsel has not responded to those messages.

## STATEMENT

The United States filed this suit in the United States District Court for the Northern District of Texas, seeking to reduce to judgment civil penalties that the Internal Revenue Service ("IRS") assessed against Ms. Sagoo for willfully failing to report her interest in foreign bank accounts for the 2011 through 2013 calendar years. (ROA.6-22.) *See* 31 U.S.C. § 5321(a)(5) (establishing the penalty). Ms. Sagoo moved to dismiss the United States' complaint for failure to state a claim upon which relief could be granted. (ROA.38-59.) The primary basis on which Ms. Sagoo sought dismissal was her argument that the IRS's assessment of penalties violated the Seventh Amendment of the Constitution. (*Id.*)

The District Court agreed with Ms. Sagoo and dismissed the complaint on Seventh Amendment grounds. (ROA.158-165.) In doing so, the court relied almost exclusively on the interpretation of *S.E.C. v. Jarkesy*, 603 U.S. 109 (2024), that this Court had recently articulated in *AT&T, Inc. v. FCC*, 135 F.4th 230 (5th Cir.), *superseded by* 149 F.4th 491 (5th Cir. 2025). (ROA.163-164.) Like this case, *AT&T* concerned the application of the Seventh Amendment in the context of agency-

imposed civil penalties, which this Court decided against the FCC based on the Court's interpretation of *Jarkesy*.

But after the District Court below relied on *AT&T* to likewise decide the Seventh Amendment question in the instant case against the Government, the FCC petitioned the Supreme Court for a writ of certiorari in *AT&T*. And this Court then entered an order holding the instant appeal in abeyance pending the disposition thereof. (Dec. 23, 2025 Order.) In the end, the Supreme Court granted the FCC's petition, reversed this Court's decision in *AT&T*, and remanded the case for further proceedings. *F.C.C. v. AT&T, Inc.*, 608 U.S. 531 (2026).

**DISCUSSION**

When intervening Supreme Court precedent affects a case pending before this Court, the normal practice is to "vacate the judgment below and remand for reconsideration in light of the new decision." *Utah v. Su*, 109 F.4th 313, 319 & n.10 (5th Cir. 2024) (collecting cases). "This modest and relatively uncontroversial practice is a basic feature of our judicial hierarchy, and it reflects at least two premises implicit in our legal system." *Utah*, 109 F.4th at 319 (footnote omitted); *see Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197,

1206 (9th Cir. 2012) (recognizing the "prudence of remand in light of recent Supreme Court authority").

First, "changes in precedent generally apply to cases pending on appeal." *Utah*, 109 F.4th at 319-20. Second, "appellate courts generally sit as courts of review, not first view." *Id.* at 320 (citation and internal quotations omitted); *see Vicknair v. Formosa Plastics Corp. v. Louisiana*, 98 F.3d 837, 839 (5th Cir. 1996) ("prudential" practice of vacating and remanding "afford[s] the trial court the first opportunity" to apply new legal standard); *Satcher v. Honda Motor Co., Ltd.*, 993 F.2d 56, 57-58 (5th Cir. 1993) (district court is generally "in a far better position" to "apply the newly developed law" in the first instance).

This Court should follow its normal practice here. The Supreme Court's decision in *AT&T* represents an intervening change in controlling law on the dispositive issue in this case. Lacking the benefit of that decision, the District Court relied almost exclusively on this Court's prior opinion in *AT&T*, which is no longer good law. And allowing the District Court to apply the new law in the first instance may well "yield insights or reveal pitfalls" that will aid this Court's

ultimate disposition of the issue. *Maslenjak v. United States*, 582 U.S. 335, 354 (2017) (Gorsuch, J., concurring).

## CONCLUSION

Based on the foregoing, the United States respectfully requests that this Court vacate the decision below and remand this case to the District Court for reconsideration in light of the Supreme Court's decision in *AT&T*.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
JOSHUA WU
*Deputy Assistant Attorney General*

/s/ *Geoffrey J. Klimas*

CLINT A. CARPENTER (202) 514-4346
GEOFFREY J. KLIMAS (202) 307-6346
*Attorneys, Tax Litigation Branch*
*Civil Division, U.S. Department of Justice*
*Post Office Box 502, Washington, D.C. 20044*

## CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d) because:

[X] this motion contains 789 words, excluding the parts thereof exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ] this motion uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts thereof exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook, *or*

[ ] this motion has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

(s) /s/ Geoffrey J. Klimas

Attorney for the United States of America

Dated: September 25, 2026